1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | | |
|---|---|---|
| JAMES LI, | ) | 1:07-cv-01039 AWI GSA |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING MOTION TO AMEND |
| | ) | COMPLAINT |
| v. | ) | (Document 15) |
| | ) | |
| | ) | |
| MICHAEL SHELTZER, TULARE | ) | |
| COUNTY, Does 1-100, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

9
10
11
12
13
14
15
16
17

**INTRODUCTION**

        Plaintiff James Li filed the instant motion to amend his complaint on May 30, 2008.  The

matter was heard on June 27, 2008, before the Honorable Gary S. Austin, United States

Magistrate Judge.  Plaintiff James Li appeared pro se.  Kathleen Taylor appeared on behalf of

Defendants Michael Sheltzer and Tulare County.

**BACKGROUND**

        On July 20, 2007, Plaintiff filed a civil rights complaint against Tulare County and

Michael Sheltzer.  Plaintiff alleges that the Tulare County Public Defender's Office and Michael

Sheltzer, Tulare County Chief Public Defender, ("Defendants") did not hire him because of his

race and nationality and because of his protected speech in violation of the First and Fourteenth

Amendments to the United States Constitution and in violation of the California Constitution.

18
19
20
21
22
23
24
25
26
27
28

1

1   On November 20, 2007, the parties participated in an initial scheduling conference.  On
2   that same date, the court issued a scheduling order.

3   On November 28, 2007, Defendant Michael Sheltzer filed his answer to the complaint.
4   On February 19, 2008, Defendant Tulare County filed its answer to the complaint.

5   On May 30, 2008, Plaintiff filed his motion to amend the complaint.  Plaintiff seeks to
6   amend the complaint to include allegations of (1) religious discrimination; (2) the right to petition
7   the government clause of the First Amendment; and (3) his intention "to challenge every decision
8   to not hire plaintiff into position of entry-level deputy public defender as unlawfully motivated."
9   Plaintiff's Notice of Motion, at p. 2.  In addition, Plaintiff requests a continuance of the trial date
10  and the discovery deadline in this matter.  Defendants filed an opposition to the motion and
11  Plaintiff filed a reply.

12                                          ANALYSIS

13          A.      Applicable Standard

14          Plaintiff cites the liberal amendment policy of Fed. R. Civ. Proc. 15 ("Rule 15") in support
15  of his motion for leave to amend the complaint.  Defendants do not dispute the policy favoring
16  amendments under Rule 15, but counter that Plaintiff's amendments are made in bad faith and
17  with undue delay.  Although both parties cite the relevant Rule 15 standard, generally once the
18  district court has filed a pretrial scheduling order pursuant to Fed. R. Civ. Proc. 16, then "attempts
19  to amend complaints, which would require an amendment of the scheduling order, must be based
20  upon good cause."  *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *see also*
21  *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604 (9th Cir. 1992).

22          In this case, the court entered a scheduling order on November 20, 2007, which stated "No
23  amendments to the pleadings are contemplated at this time."  While the order contained no other
24  deadline for amendments, Plaintiff seeks a corresponding amendment of the scheduling order to
25  extend the discovery deadline and the trial date.  Accordingly, the court first analyzes Plaintiff's
26  request for leave to amend pursuant to Rule 16.

27

28

1  B.    Fed. R. Civ. Proc. 16

2  Federal Rule of Civil Procedure 16(b) provides that a district court's scheduling order may

3  be modified upon a showing of "good cause."  The inquiry focuses on the "reasonable diligence of

4  the moving party." *Noyes v. Kelly Services*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007).  "The

5  pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party

6  seeking the extension." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th

7  Cir. 2002) (citation and internal quotation marks omitted).  "If the party seeking the modification

8  was not diligent, the inquiry should end and the motion to modify should not be granted." *Id.*

9  With regard to his religious discrimination claim, Plaintiff explains that he discovered

10 information regarding this claim following the deposition of Defendant Sheltzer.  Plaintiff's

11 Motion to Amend Complaint, at p. 3.  Defendants assert that most of the depositions in this matter

12 were completed by the end of the first week in March.  Plaintiff has not explained why he waited

13 until the end of May to bring the instant motion to amend the complaint.

14 With regard to his right to petition claim and general allegations regarding subsequent job

15 openings, Plaintiff does not indicate that facts supporting these proposed amendments were either

16 (1) unavailable to him at the time of the filing his original complaint or (2) newly discovered.

17 Further, Plaintiff has had six months to complete discovery, which is set to close approximately

18 two weeks after the hearing on the instant motion.  He has offered no justification for delaying

19 amendment of his complaint.  Based on these findings, Plaintiff has not demonstrated due

20 diligence in amending his complaint to support modifying the deadlines set forth in the scheduling

21 order, including the discovery deadlines and the trial date.  This is particularly true where facts

22 supporting certain of the proposed amendments have been available to him since the inception of

23 this matter in July 2007.

24 C.    Fed. R. Civ. Prov. 15

25 Even applying the liberal policy of Rule 15, the court finds that Plaintiff's motion to

26 amend the complaint should be denied.  Under Rule 15(a), a plaintiff may amend his complaint

27 once "as a matter of course," and without leave of court, before a response has been filed.  Fed. R.

28 Civ. P. 15(a)(1); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  However, a party can only

3

1   amend the pleading with the opposing party's written consent or with the court's leave once a

2   responsive pleading has been filed.  Fed. R. Civ. P. 15(a)(2).  Here, Defendants have filed

3   responsive pleadings and have not consented to the proposed amendments.  As such, Plaintiff

4   needs leave of court to amend his complaint under Rule 15.

5         Rule 15(a) provides that a court "should freely give leave [to amend] when justice so

6   requires."  The United States Supreme Court has stated:

7         [i]n the absence of any apparent or declared reason – such as undue delay, bad faith
          or dilatory motive on the part of the movant, repeated failure to cure deficiencies
8         by amendments previously allowed, undue prejudice to the opposing party by
          virtue of allowance of the amendment, futility of amendment, etc. – the leave
9         sought should, as the rules require, be "freely given."

10  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  When considering a motion for leave to amend, the

11  Ninth Circuit has summarized the factors for the court to consider as follows: (1) undue delay; (2)

12  bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  *Loehr v. Ventura County*

13  *Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).

14        1.   Undue Delay

15         Relevant to evaluating the delay issue is "whether the moving party knew or should have

16  known the facts and theories raised by the amendment in the original pleading."  *Jackson v. Bank*

17  *of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Chodos v. West Publishing Co.*, 292

18  F.3d 992, 1003 (9th Cir. 2002) (district court did not abuse its discretion in denying a motion to

19  amend based on undue delay where facts were available to a plaintiff before previous amendments

20  to the complaint).

21        As discussed, Plaintiff wants to amend his complaint to (1) add a religious discrimination

22  claim; (2) add a right to petition claim; and (3) add a general allegation regarding subsequent job

23  openings.  With regard to his religious discrimination claim, Plaintiff indicates that facts

24  supporting his claim arose from leads following deposition of Defendant Sheltzer.  Defendants

25  assert that most depositions in this matter were completed by the first week of March.  Although

26  Plaintiff reportedly informed Defendants' counsel of his intention to amend the complaint at the

27  end of April, Plaintiff did not file a motion to amend his complaint until the end of May.  There is

28

no indication why Plaintiff delayed in bringing his motion to amend the complaint to add a claim of religious discrimination following the deposition of Defendant Sheltzer.

With regard to the remaining proposed amendments, i.e., the right to petition claim and the general allegations about subsequent job openings, there is no indication from Plaintiff that facts supporting these proposed amendments were unavailable to him over a year ago when he filed this action.

Based on the above, the court finds that Plaintiff has unduly delayed in amending his complaint. The Ninth Circuit has determined, however, that undue delay by itself is insufficient to justify denying a motion to amend under Rule 15. *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). The court must also provide a contemporaneous specific finding of bad faith by the moving party, prejudice to the opposing party, or futility of amendment. *Id.* The court now turns to these remaining factors.

2.      Bad Faith

Defendants argue that Plaintiff's motion to amend is undertaken in bad faith because the new allegations fail to meet the minimum requirements of pleading contained in Fed. R. Civ. P. 11. Fed. R. Civ. P. 11 provides, in relevant part, as follows:

> By presenting to the court a pleading, written motion, or other paper...an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:...
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(3).

Based on Rule 11, Defendants first assert that Plaintiff does not identify "a factual basis for alleging that religious discrimination was likely to have played a role in Michael Sheltzer's hiring decisions." Defendant's Opposition, at p. 3. According to his moving papers, Plaintiff bases his religious discrimination claim on the following allegations:

> From leads arising from deposition of defendant Sheltzer, the plaintiff's attorney, who also happens to be the plaintiff, discovered that defendant Michael Sheltzer also moonlighted as the president of a religious group embracing the support of the state of Israel as one of its goals. Based on evidence available so far, including the plaintiff's having immigrated from China, China's vote supporting the United Nations resolution condemning Zionism, the defendant's past hiring of an

5

immigrant from Israel, the overall strength of plaintiff's application, and the refusal
by defendants to disclose the names of individuals hired after the plaintiff's
interview, the plaintiff, in both capacities as the plaintiff and the plaintiff's
attorney, has a reasonable base to believe that defendant Sheltzer's apparent bias
toward China was in part religiously motivated and that the defendant Sheltzer
passed over the plaintiff for available positions in preference to individuals of
Jewish faith.

Plaintiff's Motion to Amend Complaint, at pp. 3-4.

Defendants argue that Plaintiff does not have a "reasonable base to believe that defendant Sheltzer's apparent bias toward China was in part religiously motivated and that the defendant Sheltzer passed over the plaintiff for available positions in preference to individuals of Jewish faith." Defendants' Opposition, at p. 4, citing Declaration of James Li in Support of Motion to Amend, at p. 3. Defendants point out that the United Nations vote referenced by Plaintiff is U.N. General Assembly Resolution 3379, which was adopted in 1975 by a vote of 72 to 35, and revoked in 1991 by a vote of 111 to 25. Defendants' Opposition, at p. 4. Defendants also contend that Defendant Sheltzer hired an individual from the Ukraine, another country that voted for the resolution, and that Defendant Sheltzer answered under penalty of perjury that he did not know that China had voted in favor of the resolution in question. *Id.*

With regard to Plaintiff's "right to petition" claim, Defendants also assert that Plaintiff does not have evidentiary support for his claim. Plaintiff explains his proposed amendment as follows:

since the plaintiff's previous civil rights lawsuits against other counties were a
matter of public record and was also a form of protected speech, the plaintiff would
like to add a cause of action on basis of violation of right based on the First
Amendment right to petition clause.

Plaintiff's Motion to Amend, at p. 5. Defendants argue that Plaintiff's reason for adding this allegation is not based on the conduct of Defendants, but merely because the other suits exist. Plaintiff has not proffered any facts suggesting that Defendants were aware of any other suits brought by Plaintiff at the time of the hiring decision(s) at issue. According to Defendants, Michael Sheltzer testified during his deposition that he had no knowledge of those actions until doing a search on PACER when he discovered the present suit filed against him by Plaintiff. Declaration of Kathleen Taylor, at p. 7.

1        Although Defendants argue that Plaintiff has no factual basis to support his proposed

2  amendments, there is no evidence in the record that would indicate a "wrongful motive" on the

3  part of Plaintiff in seeking leave to amend.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183,

4  187 (9th Cir. 1987) ("Since there is no evidence in the record which would indicate a wrongful

5  motive, there is no cause to uphold the denial of leave to amend on the basis of bad faith.").

6        3.    Prejudice

7        Defendants challenge the proposed amendments on grounds of prejudice.  Defendants

8  argue that a need to re-open discovery will delay proceedings.  Where a motion to amend is

9  brought shortly before the close of discovery and allowing the motion would require the re-

10  opening of discovery, the motion may properly be denied for prejudice to defendant and for

11  delaying proceedings.  *See, e.g., Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087

12  (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days

13  before close of discovery where additional causes of action would have required additional

14  discovery, prejudicing defendant and delaying proceedings); *Solomon v. North American Life and*

15  *Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (court did not abuse its discretion in denying

16  motion to amend on grounds of undue delay and prejudice where motion made on the "eve of the

17  discovery deadline" would have required re-opening discovery, thus delaying proceedings).

18        Here, Plaintiff waited until the end of May to file his motion to amend the complaint.  The

19  hearing on the motion was scheduled approximately two weeks prior to the close of discovery.

20  Defendants correctly note that if Plaintiff amends his complaint at this time, additional discovery

21  will be required, prejudicing Defendants and delaying proceedings.

22        4.    Futility of Amendment

23        A claim is considered futile and leave to amend shall not be given if there is no set of facts

24  that can be proved under the amendment that would constitute a valid claim.  *Miller v. Rykoff-*

25  *Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988).  Finding that there has been undue delay and prejudice,

26  the court declines to address the futility of Plaintiff's proposed amendments.

27

28                                             **ORDER**

Based on the foregoing, Plaintiff's motion to amend his complaint is DENIED.

IT IS SO ORDERED.

Dated:    **July 1, 2008**                    /s/ **Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE