IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **JAMES LI,** | ) | 1:07-cv-1039 LJO GSA |
| | ) | |
| **Plaintiff**, | ) | **ORDER ON MOTIONS IN** |
| v. | ) | **LIMINE** |
| | ) | |
| **MICHAEL SHELTZER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

On February 12, 2009, a pre-trial conference was held in the above captioned matter. During the pre-trial conference, the Court indicated that this case would be bifurcated between liability and damages, and also ruled on motions in limine that had been raised in the joint pre-trial statement. This order memorializes the rulings made in court on the motions in limine.

**PLAINTIFF'S MOTIONS**

1.a.  Preclude Defendants from mentioning Plaintiff's prior 42 U.S.C. § 1983 cases

This motion is DENIED to the extent that limited questioning will be allowed to show a possible bias or motive by Plaintiff for his allegation that Defendant Scheltzer used a racial slur. Specifically, Defendants will be allowed to ask Plaintiff if the cases were filed, if Plaintiff lost those cases, and if his failure to allege the use of a racial slur by the defendants in those prior cases was a reason for his losses.

1.b.    Preclude Defendants from offering evidence of Plaintiff's recreational gambling

This motion is GRANTED.

1.c.    Preclude Defendants from offering evidence of Plaintiff's admission into the UCLA Law School through affirmative action

This motion is GRANTED without prejudice.  However, if Plaintiff opens the door by attempting to argue that his admission to the UCLA Law School is evidence of his communication and English proficiency, then the Court will reconsider this ruling.

2.    Preclude Defendants from offering into evidence documents authored by Plaintiff, that were not reviewed by Defendants in connection with Plaintiff's job applications, for the purpose of showing Plaintiff's purported difficulties with the English language

This motion is DENIED to the extent that Defendants may offer such evidence to show circumstantially that Plaintiff continues to have difficulties with the English language, consistent with the difficulties relied upon by the Defendants during the application/hiring process.

3.    Preclude Defendant Scheltzer's "subordinates" from asserting their opinions about Plaintiff's English proficiency during the job interview

This motion is DENIED in that persons present at the interview who were subordinates of the Defendant Scheltzer may testify about Plaintiff's English proficiency during the interview.

4.    Preclude Defendants from making any argument that Plaintiff's performance at this trial is demonstrative of communication difficulties during the job interview

This motion is DENIED to the extent that Defendants may offer such evidence to show circumstantially that Plaintiff continues to have difficulties with the English language, consistent with the difficulties relied upon by the Defendants during the application/hiring process.

5.    Preclude Defendants from asserting that Plaintiff's appellate efforts were not reasonable mitigation

This motion is DEFERRED until the damages phase of trial.

6.    Allow Plaintiff to offer summaries of earnings and losses from his law practice

This motion is DEFERRED until the damages phase of trial.

7.    Preclude Defendants from referencing Plaintiff's use of a client trust account in the conduct of his law practice in 2005, 2006, and 2007

This motion is GRANTED.

8. <u>Allow Plaintiff to present evidence relating to an attempt to file a complaint with the California Department of Fair Employment and Housing</u>

Based on the agreement of the parties, this motion is GRANTED.

9. <u>Allow Wayne Eisenhart and Norman Koplof to provide expert testimony as unretained expert witnesses</u>

Ruling on this matter is deferred. By noon (12:00 p.m.) February 18, 2009, Plaintiff will send a fax to the Court or file electronically with the Court documentation that he believes satisfies his disclosure obligations under Federal Rule of Civil Procedure 26(a)(2). If Plaintiff does not believe that he has complied with the disclosure requirements of Rule 26(a)(2), he will send a fax to the Court or file electronically with the Court (by the same deadline) a statement that he has reviewed his file and has determined that he did not comply with Rule 26(a)(2).[1] The Court will then issue a ruling.

10. <u>Exclude the testimony of Kirk Athanasiou, Song Kim, and Neal Pereira</u>

This motion is GRANTED.

11. <u>Precluding the admission of prior declarations as hearsay by Defendant Sheltzer, other Tulare County Public Defender's Office employees, and Kathleen Walker</u>

This motion is conditionally GRANTED, but, if the proper foundation is shown, the documents may be used to refresh recollection or to rebut a charge of recent fabrication.

12. <u>Preclude evidence and questioning regarding Plaintiff's past tax return</u>

This motion is DEFERRED until the damages phase of trial.

### DEFENDANTS' MOTIONS IN LIMINE

1. <u>Requesting that application materials from other candidates be redacted in the interests of protecting the applicant's privacy</u>

This motion is GRANTED; the names of the applicants will be redacted and the applicants will be identified by their initials.

---

[1] Defendants' motion in limine number 4 identifies Eisenhart and Koplof, as well as John Martinez, as potential expert witnesses for Plaintiff. In contrast, Plaintiff's motion in limine does not mention Martinez. If Plaintiff intends to call Martinez as an expert witness, then Plaintiff's February 18, 2009, filing should also include appropriate disclosure information for Martinez.

Additionally, Plaintiff identifies a *Norman* Koplof and Defendants identify a *John* Koplof. Unless the parties promptly inform the Court otherwise, the Court assumes that "Norman Koplof" and "John Koplof" are the same person.

2. <u>Preclude Plaintiff from using technology to present evidentiary material during opening statement</u>

This motion is GRANTED in that neither party may show to the jury any evidence that has not been formally admitted into evidence. However, the parties may stipulate to the use of evidence during opening statements, but the parties are to inform the Court of any such stipulation prior to the opening statements.

3. <u>Preclude Plaintiff from attempting to submit evidence that was known to Plaintiff but not disclosed at the time of the initial Rule 26 disclosures</u>

Specific evidence has not been identified by Defendants. Nevertheless, this motion is tentatively GRANTED, subject to the possibility of Plaintiff meeting the burden under Federal Rule of Civil Procedure 37(c)(1).

4. <u>Preclude the expert testimony of Eisenhart, Koplof, and John Martinez because Plaintiff did not timely disclose these individuals as experts or submit expert reports</u>

This motion is DEFERRED in accordance with the procedure set forth under Plaintiff's motion in limine number nine.

5. <u>Preclude Plaintiff from submitting into evidence various undisclosed documents under the pretense of refreshing his recollection</u>

As clarified by Defendants, this motion refers to evidence that is relevant for the damages phase. Accordingly, this motion is DEFERRED until the damages phase of trial.

6. <u>Preclude the testimony of Amit Ben-Yehua, "Tulare County Supervisors," and the Tulare County chief administrative office as lacking personal knowledge</u>[2]

Plaintiff indicated that Ben-Yehua is in China and thus, outside this Court's subpoena power. Plaintiff also indicated that he wished to call the Tulare County supervisors and chief administrative officer in order to show Defendant Sheltzer's habit of picking his nose. In light of Plaintiff's representations, this motion is GRANTED in consideration of Rule of Evidence 403.

7. <u>Preclude Plaintiff from introducing evidence that he complained to the EEOC</u>

Defendants withdrew this motion.

---

[2] Defendants withdrew their objection to testimony from Rose Lara and Kathleen Walker. Additionally, Defendants withdrew their objection under this motion to testimony from Eisenhart, Martinez, and Koplof. The testimony of these three individuals will be dependent on Plaintiff's February 18, 2009, filing.

4

8. <u>Preclude Plaintiff from introducing into evidence various legal materials</u>

At the hearing, the materials were identified as sections of the California Evidence Code and several published federal cases. These items were included in Plaintiff's exhibit list in the joint pre-trial statement. The jury will receive instructions on the law only from the Court. This motion is GRANTED.

9. <u>Preclude Plaintiff from submitting evidence regarding hiring decisions made prior to his application and interview</u>

A ruling on this motion is DEFERRED in order for the parties to meet and confer regarding specific evidence. If the parties cannot settle the issue between themselves, the Court will consider this motion at a later time and in reference to <u>specific</u> evidence.

10. <u>Preclude Plaintiff from introducing an exhibit that purports to summarize application materials</u>

As part of the motion, Defendants indicate that they will object unless an agreement as to the contents of such a summary can be reached. Accordingly, a ruling on this motion is DEFERRED in order for the parties to meet and confer regarding such a summary. If the parties cannot settle the issue between themselves, the Court will consider this motion at a later time and in reference to <u>specific</u> evidence.

11. <u>Preclude Plaintiff from submitting multiple deposition transcripts which are unlikely to contain relevant information and constitute inadmissible hearsay</u>

This motion is conditionally GRANTED in that the parties must first show the proper evidentiary predicate as established by the Federal Rules of Evidence before the Court will allow the admission of deposition transcripts/excerpts.

IT IS SO ORDERED.

**Dated:**   **February 13, 2009**                     /s/ Lawrence J. O'Neill
                                                                                UNITED STATES DISTRICT JUDGE