IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LI,<br><br>        Plaintiff,<br>   v.<br><br>MICHAEL SHELTZER, et al.,<br><br>        Defendants. | 1:07-cv-1039 LJO GSA<br><br>ORDER ON PLAINTIFF'S OBJECTION, ORDER REGARDING NON-COMPLIANCE WITH THE PRE-TRIAL ORDER FILING AND SUBMISSION DEADLINES, and ORDER QUASHING SUBPOENA OF WITNESS KHALIL ESAT |

**I.**

On March 8, 2009, Plaintiff filed an objection that sought to prevent Defendant from offering exhibits because the parties did not physically exchanged exhibits on March 5, 2009, as ordered in the pre-trial order. See Court's Docket Doc. No. 104. On March 11, 2009, defense counsel submitted a responding declaration to Plaintiff's objection. See Court's Docket Doc. No. 118. In the declaration, defense counsel describes *inter alia* how the parties were in e-mail communication prior to March 5, exhibits not believed to be in Plaintiff's possession were identified, and representatives of defense counsel spoke with Plaintiff on March 5 to make arrangements for Plaintiff to be present and to receive the exhibits from a delivery service on the morning of March 6. The declaration indicates that Plaintiff did not object to this procedure. However, about noon on March 6, Plaintiff e-mailed Defendants that the pre-trial order had been violated since exhibits were not exchanged on March 5 and thus, the case should be tried without

exhibits. See id. Defense counsel indicates that Plaintiff informed her that he would not be attending the scheduled March 9 exhibit conference and that he did not intend to submit exhibits. Plaintiff filed a responding declaration in which he emphasizes the direction of the pre-trial order to exchange documents on March 5, 2009, he believed that the deadline was mandatory, that he engaged in material preparation in reliance on the Court's intention to strictly enforce the pre-trial order, if the Court allows Defendants to admit exhibits his case will be prejudiced, and he indicated to defense counsel that both sides should not use exhibits. See Court's Docket Doc. No. 119.

The pre-trial order required the parties to exchange exhibits, to the extent that they had not already done so, by March 5, 2009. See Pre-Trial Order at pp. 5-6. The parties were to then meet and conduct an exhibit conference by March 9, 2009. See id. at p. 6. The parties where then to submit their separate and joint exhibits to the clerk on March 10, 2009. See id. The pre-trial order also admonished, "The parties' counsel should note that, pursuant to Local Rule 16-281(b)(11), only those exhibits listed in the parties' pre-trial statement will be permitted to be offered into evidence. Therefore, any exhibits submitted which are not listed in the pre-trial statement will not be admitted." Id.

In light of the foregoing, the Court is not persuaded by Plaintiff's objection. The March 5 deadline is not a deadline that affects the Court (unlike the deadlines to file or submit a document with the Court), rather it is intended to facilitate the exhibit marking and identification process between the parties. Plaintiff has not shown how he was prejudiced or unfairly surprised by not receiving the exhibits on March 5, especially since the pre-trial order expressly states that documents that were not part of the joint pre-trial statement would not be allowed into evidence. See Pre-Trial Order at p. 10. Additionally, Plaintiff's responding declaration does not adequately explain how the failure to exchange exhibits on March 5 prohibited him from submitting his own exhibits on March 10 (like the Defendants did). Instead, it appears that Plaintiff opted to engage in gamesmanship and "role the dice" that the Court would not let either side admit exhibits irrespective of compliance with the March 10 submission date (a date that was set for the benefit of the Court and not the parties). Finally, the declaration by defense counsel indicates that the

parties were communicating about and describing their exhibits. Importantly, arrangements were made with Plaintiff for him to receive Defendants' exhibits on the morning of March 6, and Plaintiff voiced no objection. Because Plaintiff has not shown prejudice but appears to have instead relied upon a strategic gamble, and because Plaintiff's conduct strongly implied that receiving the exhibits on the morning of March 6 was acceptable, the Court overrules Plaintiff's objection.

**II.**

In the pre-trial order, the Court ordered that, "[d]eposition testimony shall be designated by page and line number, with such designation to be filed and served no later than March 9, 2009." See Pre-Trial Order at p. 11. Counter designations and objections to designations were to be filed and served by March 10, 2009. See id. Certified transcripts of the depositions identified in the designations were to be lodged by March 10, 2009. See id. No party filed any designations, objections, or counter-designations, and no certified transcripts were lodged. Since no party complied with the pre-trial order with respect to depositions, no party may admit deposition testimony at trial.[1]

**III.**

In the pre-trial order, the Court ordered that only specifically designated discovery documents will be eligible for admission into evidence and that the parties were to file and serve no later than March 9, 2009, a list of all discovery documents intended to be used at trial. See id. at p. 10. Plaintiff did not file a designation of discovery documents. Since Plaintiff did not file in accordance with the pre-trial order, Plaintiff may not admit discovery documents at trial.

**IV.**

In the pre-trial order, the Court ordered that the "original and two copies of all pre-marked exhibits (joint and separate), along with the appropriate indexes, shall be submitted to the clerk's office no later than March 10, 2009." See id. Plaintiff did not submit his trial exhibits to

---

[1] The pre-trial order states in part, "Strict compliance with this order and its requirements is mandatory. Counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements." Pre-Trial Order at p. 14.

3

the clerk's office.  Since Plaintiff did not submit his exhibits in accordance with the pre-trial order, Plaintiff may not admit separate exhibits at trial.

**V.**

Finally, as part of Defendants' trial brief, Defendants state that Plaintiff has subpoenaed Khalil Esat to appear at trial.  <u>See</u> Court's Docket Doc. No. 107.  However, Mr. Esat was not listed in the pre-trial order (or in Plaintiff's final witness list) and Plaintiff did not seek leave of court to subpoena Mr. Esat or add him to the witness list.  The pre-trial order provides, "[o]nly witnesses listed in the pre-trial order . . . shall be allowed to testify at the trial, except as may otherwise be provided by order of the Court after a showing of good cause, or by stipulation of the parties and Court order thereon."  <u>See</u> Pre-Trial Order at p. 7.  Because Mr. Esat does not appear in the pre-trial order and Plaintiff did not seek leave of court, the subpoena of Mr. Esat will be quashed.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objection to not having received exhibits on March 5, 2009, is OVERRULED;
2. No party may use deposition testimony at trial;
3. Plaintiff may not offer discovery documents at trial;
4. Plaintiff may not offer separate exhibits at trial; and
5. Plaintiff's subpoena of Khalil Esat is QUASHED.

IT IS SO ORDERED.

**Dated:   March 12, 2009**                    **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE