IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LI, ) | 1:07-cv-1039 LJO GSA |
| ) | |
| Plaintiff, ) | ORDER ON PLAINTIFF'S EX |
| v. ) | PARTE APPLICATION FOR |
| ) | RECONSIDERATION AND |
| MICHAEL SHELTZER, et al., ) | CONTINUANCE |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

On March 12, 2009, the Court issued an order that ruled on the consequences of non-compliance with various aspects of the pre-trial order. See Court's Docket Doc. No. 123. In part, the Court overruled Plaintiff's objection regarding non-compliance with the March 5, 2009, exhibit exchange date. See id. The Court also prohibited Plaintiff from offering separate exhibits due to his failure to submit exhibits to the Court on March 10, 2009. See id.

On March 13, 2009, Plaintiff filed this ex parte motion for reconsideration and continuance. See id. at Doc. No. 125. Plaintiff explains: this is his first case in the Eastern District, the pre-trial order indicated that it would be strictly enforced, the pre-trial order set a mandatory exhibit exchange date of March 5, he gave consent for the Defendants to send the exhibits to his home address on March 6 as a convenience and not as a waiver of the pre-trial order requirements, his reliance on the language of the pre-trial order has been detrimental, defense counsel admitted in her declaration that if there was a misunderstanding about the March 5 date then it was mutual, and a continuance is necessary due to the mutual March 5 error and to

avoid a miscarriage of justice.  See id.

The Court is not persuaded by Plaintiff's motion.  Plaintiff's motion does not offer sufficient, new, material facts that would cause the Court to reconsider its ruling and does not give an adequate explanation for his failure to submit his exhibits to the Court on March 10, 2009.  Despite any confusion that the parties may have had about the March 5 exchange date, Defendants were still able and required to submit their exhibits on March 10, 2009.  Plaintiff's motion still shows that he made a strategic gamble as to what remedy the Court could utilize for missing the March 5 deadline.  Neither reconsideration of the Court's March 12, 2009 order nor a continuance of the trial is appropriate.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's ex part motion for reconsideration and continuance is DENIED.

IT IS SO ORDERED.

**Dated:   March 13, 2009**                              /s/ Lawrence J. O'Neill
                                                                        UNITED STATES DISTRICT JUDGE